UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA ALICIA SANDOVAL CONTREAS,<br><br>             Plaintiff,<br><br>      vs.<br><br>CAROLYN W. COLVIN[1], Acting Commissioner of Social Security,<br><br>             Defendant.<br>_____/ | Case No. 1: 12-cv-02090-BAM<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE (DOC. 12);**<br><br>**ORDER ESTABLISHING BRIEFING SCHEDULE** |

Plaintiff Martha Alicia Sandoval Contreas, proceeding pro se and in forma pauperis, seeks review of the Commissioner's denial of social security disability benefits. On January 4, 2013, this Court entered a scheduling order in this action. (Doc. 6.) Pursuant to that scheduling order, Plaintiff's opening brief was due no later than February 8, 2014.[2] As of June 2, 2014, Plaintiff has not filed her opening brief.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The scheduling order required Plaintiff to file her opening brief within 95 days of receipt of the administrative record. (Doc. 6.) The Notice of Lodging of Social Security Administrative Transcript was filed on November 5, 2013. (Doc. 11.) The Commissioner's Notice certifies the Administrative Transcript was served on Plaintiff on November 5, 2013. *Id.*

1

On June 2, 2014, this Court ordered Plaintiff to show cause as to why her complaint should not be dismissed for her failure to file an opening brief. (Doc. 12.) On June 9, 2014, Plaintiff filed a response to the order to show cause. (Doc. 13.) Plaintiff represents that she has difficulty understanding the English language and did not understand she was required to file an opening brief. *Id.*

Pro se litigants are not held to the same standard as admitted or bar licensed attorneys. *Haines v. Kerner*, 404 U.S. 519, 521. Pleadings by pro se litigants, regardless of deficiencies, should only be judged by function, not form. *Id.* Nonetheless, a pro se plaintiff is not exempt from the civil rules of procedure. Although the Court must construe the pleadings liberally, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). *See also, Ghazali v. Moran,* 46 F.3d 52, 54 (9th Cir.1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."); *Jacobsen v. Filler,* 790 F.2d 1362, 1364 (9th Cir.1986) ("[P]ro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record.").

Since Plaintiff procedes pro se, the Court will provide one final opportunity for Plaintiff to pursue her appeal. Plaintiff shall file her opening brief on or before **July 11, 2014.** The remaining briefing shall be completed in accordance with the Court's scheduling order. (Doc. 6.)

**CONCLUSION**

Based on the foregoing, the Court ORDERS as follows:

1. The Order to Show Cause (Doc. 12) is DISCHARGED;
2. Plaintiff shall file her opening brief on or before **July 11, 2014**;
3. The remaining briefing shall be completed in accordance with the Court's January 4, 2013 scheduling order (Doc. 6).

IT IS SO ORDERED.

Dated:   **June 16, 2014**          /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE